BUSTER G. AND WANDA S. LEWIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lewis v. Commissioner
Docket No. 10829-78.
United States Tax Court
T.C. Memo 1981-49; 1981 Tax Ct. Memo LEXIS 691; 41 T.C.M. (CCH) 824; T.C.M. (RIA) 81049; February 10, 1981. *691 Held: Educational expense deduction disallowed because petitioners did not establish that courses taken by petitioner-husband were sufficiently related to his trade or business. Secs. 262, 162, I.R.C. 1954. Buster G. Lewis, pro se. Gary A. Benford, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined a deficiency in Federal individual income tax against petitioners for 1976 in the amount of $ 180. After concessions by both parties, the issue for decision is whether petitioners may deduct under section 162 [1] educational expenses (tuition, fees, books, and automobile expenses) incurred by petitioner Buster G. Lewis. [2]
*692 FINDINGS OF FACT Some of the facts have been stipulated; the stipulations and the stipulated exhibits are incorporated herein by this reference. When the petition in this case was filed, petitioners Buster G. Lewis (hereinafter sometimes referred to as "Lewis") and Wanda S. Lewis, husband and wife, resided in De Soto, Texas. During 1976, Lewis was employed as a dispatcher in the Central Division Dispatching Office of Texas Power and Light Company (hereinafter sometimes referred to as "Texas Power"). Lewis' duties as a dispatcher during 1976 included monitoring high voltage lines, receiving, interpreting, and reacting to gas analyses and other reports, and occasionally dealing with the public in cases of power outages. Lewis attended Mountain View College (hereinafter referred to as "Mountain View") located at Dallas, Texas. Table 1 sets forth information with respect to Lewis' attendance at Mountain View in 1976. Table 1 Tuition
Date Enrolled
and
Semester
On or About
Courses
Fees
Spring
Jan. 7
Composition and Expository Reading
$ 75
Art Appreciation
Introduction to Business
History of the United States
Summer I
May 12
Biological Science
45
Summer II
July 9
Biological Science
45
Fall
Aug. 8
Business Law
75
Communications and Literature
Personal Finance
History of the United States
$ 240
*693 Lewis incurred expenses for books and supplies in the amount of $ 108.44 in connection with the courses listed in table 1. The Composition and Expository Reading course and the Communications and Literature course were English and literature courses which involved writing essays. The Biological Science courses were basic science courses. During 1976, Lewis' job required him to receive and act on separate analyses of the amount of combustible gas present in the oil of each malfunctioning electric transformer. If the number measuring the amount of such gas exceeded a set level, then he would leave the transformer for internal inspection. If the number was below a lower set level, then he would merely energize the transformer. If the number was between these set levels, then he would refer the matter to his supervisor. Lewis was not required to analyze or understand the gas analysis reports. About once a month, Lewis wrote a report as to power usage in one or more specified cities. He was not specifically assigned the task of writing these reports, but would do so if he was on duty when the report was due. Such a report was based on charts and logs; it compared then current *694 power usage in a city to the city's usage a year earlier, showing growth in usage. Such a report was one page long, at the most; it was in paragraph form, accompanied by charts or tables. Lewis was not required to write essays in his job as dispatcher. Lewis dealt with the public when customers called in connection with a power outage, especially if the calls came when no switchboard operator was on duty. Such calls were answered by Lewis or any other dispatcher who happened to be at work at that time. Texas Power had a tuition reimbursement program. However, Lewis did not apply for reimbursement because the program involved an extreme amount of "red tape" and he did not want his employer telling him what courses he could and could not take. Generally, Lewis drove to Mountain View for classes from his home, a round trip of 37 miles. Sometimes he drove to Mountain View for classes from work. During 1976, Lewis made 95 such round trips. On their 1976 income tax return, petitioners claimed a deduction of $ 527.25 for automobile expenses in connection with the above-described courses, computed as 95 trips, times 37 miles, times fifteen cents per mile. OPINION Petitioners *695 argue that they are entitled to an ordinary and necessary business expense deduction for the expenses incurred in connection with the courses taken by Lewis at Mountain View during 1976. [3] Respondent argues that petitioners have not established a sufficient relationship between the courses and the skills required in Lewis' dispatcher position to demonstrate that the courses maintained or improved these skills. [4]
We agree with respondent. Personal expenses are not deductible, unless the contrary is "expressly provided" in chapter 1 of the Internal Revenue Code of 1954 (sec. 262 [5]). Education expenses ordinarily are regarded as personal. See, e.g., Welch v. Halvering,290 U.S. 111, 115-116 (1933). However, section 162(a) [6] --which is in chapter 1--expressly provides *696 for the deduction of all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Under this provision, educational expenses may constitute deductible trade or business expenses if they maintain or improve the skills required in the taxpayer's employment or other trade or business. See, e.g., section 1.162-5(a), Income Tax Regs.[7]
*697 The burden is on petitioners (see, e.g., Welch v. Helvering,290 U.S. at 115; Rule 142(a), Tax Court Rules of Practice and Procedure) to prove that there was a sufficient nexus between the educational expenditures and Lewis' job as a dispatcher. Schwartz v. Commissioner,69 T.C. 877, 889 (1978). At trial, Lewis conceded that the Introduction to Business, History of the United States, Business Law, and Personal Finance courses (see table 1, supra) did not maintain or improve his skills as a dispatcher. Lewis explained that the Art Appreciation course helped him in his job as dispatcher "vaguely, not directly" because it made him "more aware of the things that were happening around [him]." At trial, Lewis described the Composition and Expository Reading course as helping him write reports, the Communications and Literature course as having report writing in it, and the Biological Science courses as helping him understand what was happening with respect to the gas analyses. In our view, the courses had at most a marginal relationship to Lewis' skills as a dispatcher. The courses likely enriched Lewis; as the Supreme Court observed ( Welch v. Helvering,290 U.S. at 116), *698 "[t]he money spent * * * [for education] is well and wisely spent. It is not an ordinary expense of the operation of a business." Since we view the courses Lewis attended in 1976 as not sufficiently related to his job to make their costs business expenses rather than personal expenses, we conclude that petitioners are not entitled to deduct under section 162 any of their costs, including automobile expenses, incurred in connection with these courses. On the one issue before us, we held for respondent. In light of respondent's concessions (and note 2, supra) Decision will be entered under Rule 155.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the taxable year in issue. ↩
2. Another issue, determination of the amount of petitioners' medical expense deduction, is agreed to be solely computational; its resolution depends on the resolution of the educational expense deduction issue. Notwithstanding the parties' stipulations, arithmetic errors in respondent's favor in the notice of deficiency are to be corrected in the computation under Rule 155. Other issues presented in the deficiency notice have been settled.↩
3. Petitioners do not maintain that Lewis' employer required him to take any of the courses in question. ↩
4. Respondent does not maintain that any of the courses were required in order to enable Lewis to meet his job's minimum education requirements; nor does respondent maintain that any of the courses were part of a program that would lead to Lewis qualifying for a new trade or business.↩
5. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses. ↩
6. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * * ↩
7. Sec. 1.162-5. Expenses for education. (a) General rule. Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b)(2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education-- (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation.↩